This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO TAXATION AND REVENUE DEPARTMENT,**

Plaintiff-Appellant,

v.                                                          NO. 30,322

**MEKKO MILLER and ELAINE SUAZO-MILLER,**

Defendants-Appellees.

**IN THE MATTER OF THE PROTEST OF MEKKO MILLER and ELAINE SUAZO MILLER.**

**APPEAL FROM THE TAXATION AND REVENUE DEPARTMENT**
**Monica Ontiveros, Hearing Officer**

Gary K. King, Attorney General
Carolyn A. Wolf, Special Assistant Attorney General
Santa Fe, NM

for Appellant

Mekko Miller,
Santa Fe, NM
Elaine Suazo Miller,
Albuquerque, NM

Pro Se Appellees

**MEMORANDUM OPINION**

**Garcia, Judge.**

The Taxation and Revenue Department (Department) appeals from the decision and order of its hearing officer concerning penalties due by Mekko Miller and Elaine Suazo-Miller (Taxpayers) in connection with income taxes assessed for tax years occurring in 2004, 2005 and 2006. We affirm in part and reverse in part.

Prior to January 1, 2008, NMSA 1978, Section 7-1-69(A) (2003) (amended 2007) provided that a penalty of two percent per month or any fraction of a month would be added to the amount of an assessment if a taxpayer failed to file a tax return or to pay taxes when due because of negligence of disregard of Department rules or regulations, but without intent to evade or defeat a tax. The statute then provided a maximum penalty of ten percent. Section 7-1-69(A)(1) (2003). In 2007, the Legislature amended Section 7-1-69 to increase the maximum penalty to twenty percent effective January 1, 2008. 2007 N.M. Laws, ch. 45, §§ 4, 16; NMSA 1978, § 7-1-69(A) (2007).

On October 19, 2007, the Department issued an assessment to Taxpayers for non-payment of personal income taxes due for the 2004 tax year, including interest

and a ten percent penalty. On August 13, 2008 and October 21, 2008, the Department issued two additional assessments to Taxpayers for non-payment of personal income taxes due for the 2005 and 2006 tax years, including interest and a twenty percent penalty. Taxpayers protested the assessments. In a decision and order dated February 10, 2010, the hearing officer denied the protest, but reduced the penalty due for the unpaid income taxes to ten percent for the 2005 and 2006 tax years based on the application of Section 7-1-69 prior to the 2007 amendment.

The Department appealed the hearing officer's decision and order with respect to the penalty assessed under Section 7-1-69 and filed its brief in chief on June 24, 2010. After Taxpayer did not file an answer brief, the Court notified Taxpayer by order on December 17, 2010 that the case would be submitted to a panel for decision based on the brief in chief.

The Court has addressed the same issue raised in this appeal in *GEA Integrated Cooling Technology v. New Mexico Taxation and Revenue Department*, 2011-NMCA-__, __ N.M. __, __ P.3d __ (No. 30,790, Dec. 8, 2011), in which we considered the briefs of the parties and conducted oral argument. In *GEA Integrated Cooling Technology*, we held that the date of the assessment under Section 7-1-69 determines the maximum penalty that the Department is to apply. *GEA Integrated Cooling Technology*, 2011-NMCA__, ¶ 10. In that case, the department issued an assessment

in 2009 for gross receipts taxes due in 2006 and 2007. *Id.* ¶ 2. Thus, we held that the 2007 amendment and the twenty percent maximum penalty applied to the assessment. *Id.* ¶ 15. Based on *GEA Integrated Cooling Technology*, we reach the same result in this case for the Taxpayers' 2005 and 2006 tax years.

**CONCLUSION**

We affirm the decision of the hearing officer regarding the assessment of the ten percent maximum penalty for the tax year 2004 because this assessment occurred prior to the January 1, 2008, the effective date of the 2007 amendment to Section 7-1-69. We partially reverse the decision of the hearing officer regarding the assessments for the tax years 2005 and 2006 to the extent that they imposed the ten percent maximum penalty. The 2007 amendment to Section 7-1-69 was in effect at the time the Department issued its assessments for the 2005 and 2006 tax years, and the Department could impose a twenty percent maximum penalty for the assessments made for these two tax years.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

4

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**